While the Court does not sanction the falsification of medical records, beyond conclusory allegations, Plaintiff simply has not proffered any credible evidence to create a triable fact as to whether Defendants falsified his records. In Johnson v. Caputo , the Third Circuit granted summary judgement when the plaintiff's "only argument relies on his unsupported belief that defendants intentionally falsified his records to justify the medical diagnoses and care that he received. Such conclusory allegations are insufficient to survive summary judgement." 737 Fed.Appx. 606, 613 (3d Cir. 2018). Here, the similar conclusory allegations are devoid of any credible factual support and are therefore also insufficient to survive a motion to dismiss. See Morales-Cruz v. University of Puerto Rico , 676 F.3d 220, 224 (1st Cir. 2012) (noting that on a motion to dismiss "the court must separate the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)").
2. ADA Claims
Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."
*144 42 U.S.C. § 12132. A plaintiff seeking relief "must establish: (1) that he is a qualified individual with a disability; (2) that he was excluded from participating in, or denied the benefits of a public entity's services, programs, or activities or was otherwise discriminated against; and (3) that such exclusion, denial of benefits, or discrimination was by reason of his disability." Parker v. Universidad de Puerto Rico , 225 F.3d 1, 5 (1st Cir. 2000).
Here, Plaintiff simply asserts that he has "[a] physical and mental impairment" but fails to plead how he was denied benefits or participation in services, programs, or activities. Consequently, Plaintiff fails to state a plausible entitlement to relief under the ADA.
3. State Law Claims
"In the context of medical professionals, [the Supreme Judicial Court] has held that a doctor's duty of reasonable care, owed to a patient, includes the duty to provide appropriate warnings about side effects when prescribing drugs." Coombes v. Florio , 450 Mass. 182, 188, 877 N.E.2d 567 (2007) (citation omitted). Consequently, "[p]hysicians ... are required to inform their patients of those side effects they determine are necessary and relevant for patients to know in making an informed decision." Cottam v. CVS Pharmacy , 436 Mass. 316, 321, 764 N.E.2d 814 (2002).
Plaintiff argues that Dr. Shukair failed to properly inform him of Effexor's potential side-effects. A review of Plaintiff's medical records attached to his complaint, however, belie these allegations. The records indicate that Dr. Shukair explained the risks and benefits of Plaintiff's treatment plan and that Plaintiff agreed to the plan. See Docket No. 1-1, at 4. Accordingly, Plaintiff has also failed to plausibly allege that Defendants violated any common law duties.
Conclusion
For the reasons stated above, Defendants' motion to dismiss (Docket No. 27) is granted.
SO ORDERED.